DUCKER, JUDGE:
Claimant is an employee of the Department of Mental Health of the State of West Virginia, in the Division of Alcoholism of said Department, with his headquarters in Huntington until early in December 1966 when the Department of Mental Health assigned him to permanent duty in Charleston. In complying with the assignment the claimant incurred expenses in moving his household furniture and effects from Huntington to Charleston in the sum of $247.50 to the Myers Transfer and Storage Company of Huntington.
When claimant presented his claim to Department of Finance and Administration payment thereof was denied because said Department concluded that any payment thereof would constitute a gratuity and therefore not legal.
The facts are not disputed, and the only question for this Court to determine is whether the facts justify a finding that there is a moral obligation in this instance on the State to pay.
The claimant’s work with the Department was sufficiently stationary for him to maintain his residence in Huntington and while doing so, he was required by his assignment to move to Charleston on a permanent assignment. The Supervisor of the Division of Purchases of the Department of Finance and Administration and the Director of such Division signed the requisition to the Myers Transfer and Storage Company to render such services in an amount not to exceed $300.00. There was an apparent lack of knowledge on the part of such *10 official that such a service would be considered a gratuity. Naturally, the claimant had no knowledge of any lack of authority on the part of those who ordered the move. Had he known that, he could very well have declined the assignment, probably even at the cost of his job, 'and the necessity to obtain other employment. These thoughts may be conjectural, but at least they should be given consideration when the claimant was given no choice in the matter.
Under all the circumstances, we think that the claimant should not be penalized by a mistake which was more of his superiors’ making than his own. If the State were an individual or a corporation, we think it could legally be held liable for this claim. So in equity and good conscience we conclude that it should be paid, and we therefore award the claimant the sum of $247.50.
Award of $247.50.